J-S74026-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARRLY GRAY | : | |
| | : | |
| Appellant | : | No. 3640 EDA 2018 |

Appeal from the PCRA Order Entered December 4, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0108411-1996

BEFORE:   BENDER, P.J.E., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:                  **Filed: February 7, 2020**

Darrly Gray (Appellant) appeals *pro se* from the order dismissing his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On June 10, 1996, a jury convicted Appellant of first-degree murder and possession of an instrument of crime in connection with the shooting death of Thomas Horn in the City of Philadelphia on May 18, 1995.[1]  On October 3, 1996, the trial court sentenced Appellant to life imprisonment without the possibility of parole.  Appellant appealed without success to both this Court and the Pennsylvania Supreme Court.  ***See Commonwealth v. Gray***, 353

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2502 and 907.

PHL 1997 (Pa. Super. Mar. 3, 1998) (unpublished memorandum), **appeal denied**, 725 A.2d 1218 (Pa. 1998) (table).  Appellant did not seek further review with the United States Supreme Court.

On April 22, 1999, Appellant filed a *pro se* PCRA petition.  Counsel was appointed and filed an amended petition.  On October 3, 2001, the PCRA court denied Appellant's petition.  Appellant appealed, and this Court affirmed the denial on November 21, 2002.  **Commonwealth v. Gray**, 811 EDA 2002 (Pa. Super. Nov. 21, 2002) (unpublished memorandum).   The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on May 15, 2003.  **Commonwealth v. Gray**, 825 A.2d 637 (Pa. 2003) (table).

On June 1, 2015, Appellant filed the underlying *pro se* "Petition for Habeas Corpus Relief . . . and for Post-Conviction Relief Act[.]"[2]  Appellant's PCRA Petition, 6/1/15, at *1.  On July 25, 2018, the PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure; Appellant filed an amended petition in response to the court's notice on August 16, 2018.  On December 4, 2018, the PCRA court dismissed Appellant's petition as untimely.  Appellant appealed.

Appellant raises three issues for review:

---

[2] We note that Appellant's petition must be construed as being raised under the PCRA.  It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief.  **See Commonwealth v. Taylor**, 65 A.3d 462, 465 (Pa. Super. 2013).

- 2 -

[1.] WHETHER PCRA COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL "PER-SE' [sic] UNDER THE STATUTORY EXCEPTION 42 PA C.S. § 9545 (b)(1)(ii), IN THAT, PCRA COUNSEL WAIVED APPELLANT'S PCRA CLAIM BY FAILING TO CONDUCT AN INDEPENDENT INVESTIGATION OF AN EYEWITNESS WHO WOULD HAVE TESTIFIED AND PROVED APPELLANT'S CLAIM OF ACTUAL INNOCENCE?

[2.] WHETHER APPELLANT'S CONSTITUTIONAL RIGHTS UNDER THE SIXTH AND FOURTEENTHS [*sic*] (THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL, AND DUE PROCESS) OF THE UNITED STATES CONSTITUTION WAS VIOLATED DURING A CRITICAL STAGE OF THE CRIMINAL PROCEEDINGS?

[3.] WHETHER THE HONORABLE JUDGE GENECE BRINKLEY COMMITTED A LEGAL ERROR THROUGH A SIX (6) YEARS OF (INORDINATE) DELAY [?] AND COMMITTED AN OBSTRUCTION OF JUSTICE OR GOVERNMENT INTERFERENCE BY NOT GRANTING A MEANINGFUL PCRA REVIEW ON APPELLANT'S PCRA CLAIMS PERTAINING TO A STRUCTURE ERROR?

Appellant's Brief at 3.

Preliminarily, in reviewing the denial of a PCRA petition, our review is limited to examining whether the PCRA court's findings are supported by the record and free of legal error. **See Commonwealth v. Hanible**, 30 A.3d 426, 438 (Pa. 2011). We view the findings of the PCRA court and the evidence of record in the light most favorable to the prevailing party. **Id.** "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." **See Commonwealth v. Mason**, 130 A.3d 601, 617 (Pa. 2015).

Further, Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition. **Commonwealth v. Monaco**, 996 A.2d

1076, 1079 (Pa. Super. 2010) (quoting **Commonwealth v. Robinson**, 837 A.2d 1157, 1161 (Pa. 2003)).  A petitioner must file a PCRA petition within one year of the date on which the petitioner's judgment of sentence became final, unless one of the three statutory exceptions applies:

> (i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)   the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)  the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1).  A petitioner must file a petition invoking one of these exceptions "within 60 days of the date the claim could have been presented."  42 Pa.C.S.A. § 9545(b)(2).[3]  If a petition is untimely, and the petitioner has not pled and proven any exception, "neither this Court nor the

---

[3] Act 146 of 2018 amended 42 Pa.C.S.A. § 9545(b)(2), effective December 2018, and now provides that a PCRA petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented.  Previously, a petitioner had 60 days from when the claim could have been presented.  **See** Act 2018, Oct. 24, P.L. 894, No. 146, § 2 and § 3.  Section 3 of Act 2018 provides that the amendment to subsection (b)(2) "shall apply only to claims arising one year before the effective date . . . or thereafter."  **Id.**  This change does not impact Appellant or our analysis.

trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Derrickson***, 923 A.2d 466, 468 (Pa. Super. 2007) (quoting ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006)).

Appellant's PCRA petition is facially untimely. "A judgment is deemed final 'at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.'" ***Monaco***, 996 A.2d at 1079 (quoting 42 Pa.C.S.A. § 9545(b)(3)).

Here, the trial court entered Appellant's judgment of sentence on October 3, 1996. Appellant appealed to this Court and the Pennsylvania Supreme Court, but did not seek review with the United States Supreme Court. Therefore, Appellant's judgment of sentence became final 90 days from the July 28, 1998 order denying his petition for allowance of appeal with the Pennsylvania Supreme Court, or October 26, 1998. ***See*** 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13.

Under Section 9545(b)(1), Appellant had to file his PCRA petition within one year of his judgment of sentence becoming final – or October 26, 1999. Appellant did not file the instant petition, his second, until June 1, 2015. Accordingly, we are without jurisdiction to decide Appellant's appeal unless he pled and proved one of the three timeliness exceptions of Section 9545(b)(1). ***See Derrickson***, 923 A.2d at 468.

Appellant argues that he satisfied the newly-discovered fact exception under Section 9545(b)(1)(ii), and therefore, the PCRA court has jurisdiction over the merits of his petition.[4]   In order to qualify for this exception, a petitioner must establish that (1) he did not know the facts upon which he based his petition, and (2) he could not have learned those facts earlier with the exercise of due diligence.   ***See*** 42 Pa.C.S.A. § 9545(b)(1)(ii).   Both components "must be alleged and proven as an initial jurisdictional threshold." ***Commonwealth v. Diggs***, 220 A.3d 1112, 1117 (Pa. Super. 2019) (citation omitted). To qualify as a new fact, "the information may not be part of the public record." ***Commonwealth v. Edmiston***, 65 A.3d 339, 352 (Pa. 2013)

---

[4] Throughout his brief, Appellant uses the term "after-discovered facts," instead of "newly discovered facts" in pleading an exception to the PCRA time-bar.  There is an important and often misapprehended distinction between the newly discovered facts exception to the time limitations of the PCRA and after-discovered evidence as a basis for substantive relief.  The Supreme Court of Pennsylvania offered the following clarification:

> To qualify for an exception to the PCRA's time limitations under subsection 9545(b)(1)(ii), a petitioner need only establish that the facts upon which the claim is based were unknown to him and could not have been ascertained by the exercise of due diligence. However, where a petition is otherwise timely, to prevail on an after-discovered evidence claim for relief under subsection 9543(a)(2)(vi), a petitioner must prove that (1) the exculpatory evidence has been discovered after trial and could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict.

***Commonwealth v. Burton***, 158 A.3d 618, 629 (Pa. 2017).

(citation omitted). In addition, the item must "not merely [be] a newly-discovered or newly willing source for previously known facts." *Id.*

"Due diligence demands that the petitioner take reasonable steps to protect his own interests and explain why he could not have learned the new facts earlier with the exercise of due diligence." *Diggs*, 220 A.3d at 1117 (citation omitted). The Pennsylvania Supreme Court has explained that "[d]ue diligence does not require perfect vigilance and punctilious care, but merely a showing the party has put forth reasonable effort to obtain the information upon which a claim is based." *Commonwealth v. Cox*, 146 A.3d 221, 230 (Pa. 2016). However, a petitioner must "explain why his asserted facts could not have been ascertained earlier with the exercise of due diligence." *Commonwealth v. Taylor*, 933 A.2d 1035, 1041 (Pa. Super. 2007) (citation omitted). "This rule is strictly enforced." *Monaco*, 996 A.2d at 1080 (citation omitted).

Appellant argues in his amended petition that the affidavit he received from Kareem Morefield, who was allegedly present during the shooting of Mr. Horn on May 18, 1995, constitutes a newly discovered fact for the purposes of Section 9545(b)(1)(ii). *See* Appellant's Amended PCRA Petition, 8/16/18, at 3. Specifically, Mr. Morefield's affidavit alleges that Appellant is a victim of mistaken identity. Appellant attached Mr. Morefield's affidavit as an exhibit to his amended petition, which states:

> I, Kareem Morefield, hereby attest that I was present during the shooting death of Thomas Horn[] (a.k.a. T.J.); and that the

shooting occurred on May 18, 1995, on the corner of 22nd and Diamond Street, in the County of Philadelphia, PA.

I, Kareem [Morefield] state that the above-mentioned incident, occurred over an argument between Big Bubbie, and T.J. (Thomas Horn[]) over some money that T.J. claimed Big Bub had owed to him. Big Bub tried explaining that he had paid T.J. the money and that T.J. must've been high or something, and just didn't remember. T.J. stated that he wasn't trying to hear that BS (bull-shit), that he (Big Bub) better get his money, before he bust his ass, and then T.J. reached as if he was going to shoot Big Bub, and this is when Big Bub pulled his gun out, and shot T.J. and then Big Bub ran.

I, Kareem Morefield, further attest, that everybody started walking towards the corner of 22nd and Diamond Street. Now, this is the first time that I seen little Bub ([Appellant]) walk around the corner of 22nd and Diamond Street. Little Bub was not out there when the shooting took place. At this time some of T.J's Homies (friends and family members) were talking about killing Big Bub, in retaliation, and that when everybody seen Little Bub, trying to cool everybody out.

I, Kareem Morefield, states that over the years everybody always got Big Bub, and Little Bub, mixed-up. And to this very day everybody thinks that Little Bub killed T.J. when all along it was Big Bub. A lot of people didn't know which one (1) of the two (2) had killed T.J., but I know, because I was out there. **And, I am coming forward, because I was out in A-Yard at SCI @ Huntingdon when I heard people arguing about this, and that's when and where I learned that Little Bub [(Appellant)] had a Life Sentence for a crime he didn't do. I said damn, it's not like I'm snitching on Big Bub, because he is dead now, and I know my dad's Homie (friend) at SCI @ Greene maybe I could get him to reach out.**

Appellant's Amended PCRA Petition, 8/16/18, Exhibit A (emphasis added).

Upon review, we conclude that Appellant's alleged newly discovered fact, the affidavit of Mr. Morefield, amounts to facts that were previously known but are now presented through a newly discovered source. Notably, in Appellant's first PCRA petition, he presented a similar affidavit from another individual, Rasheem Wright, which stated "that [Wright] saw the shooting and

that [Appellant] was not the shooter. In a sworn statement, Wright states that [Appellant] was not present when the victim was shot, because [Appellant] had walked around the corner before the shooting." *Gray*, 811 EDA 2002, at *4.

As stated above, our Supreme Court has explicitly held that a newly discovered source does not constitute facts which were unknown to a petitioner and could not have been ascertained by the exercise of due diligence. *Edmiston*, 65 A.3d at 352; *see also Commonwealth v. Chmiel*, 173 A.3d 617, 625 (Pa. 2017) ("[T]he factual predicate of the claim . . . must not be facts that were not previously known but are now presented through a newly discovered source.") (citation omitted). Thus, Mr. Morefield's affidavit proffered by Appellant does not qualify as a newly discovered fact for purposes of 9545(b)(1)(ii).

Furthermore, the PCRA court determined that Appellant failed to exercise due diligence in asserting his "newly discovered evidence" claim. The PCRA court stated:

> In response to the 907 notice, [Appellant] filed an amended PCRA petition attempting to invoke the newly discovered facts and newly recognized constitutional rights exceptions.[5] [Appellant]

---

[5] The PCRA court correctly notes that Appellant also argues in his amended PCRA petition that he meets the newly-recognized constitutional right exception set forth in 42 Pa.C.S.A. § 9545(b)(1)(iii). *See* Appellant's Amended PCRA Petition, 8/16/18, at 2-3. However, because Appellant has abandoned this claim in his brief, it is waived for purposes of our review. *See* Pa.R.A.P. 2119(a)-(d); *see also Commonwealth v. Lewis*, 63 A.3d 1274, 1279 (Pa. Super. 2013) (holding newly-recognized constitutional right exception argument waived for failure to include it in appellate brief).

attempted to invoke the newly discovered facts exception enumerated in 42 Pa. Cons. Stat. § 9545 (b)(1)(ii) by attaching an affidavit from Kareem Moorefield stating [Appellant] was a victim of mistaken identity. In his affidavit, the affiant alleged that [Appellant] was called "Little Bub" while the individual who committed the homicide was referred to as "Big Bub." Mr. Moorefield further states that he saw "Big Bub" shoot the complainant, and not [Appellant,] who was allegedly referred to as "Little Bub." PCRA amended petition, 08/09/2018, Exhibit A.

To successfully invoke the newly discovered fact exception, [Appellant] must plead and prove the facts that his claim was predicated upon were not only unknown to him, but could not have been ascertained by exercising due diligence. Upon review of this claim, [Appellant] failed to state what due diligence, if any, he took to secure the witness' testimony. [Appellant] did not explain why he could not have discovered the witness on an earlier date, through the use of a private investigator or otherwise. For instance, he did not state what attempts, if any, were taken to locate the alleged witnesses. Furthermore, there was not information in [Appellant's] record making a distinction between a "Little Bub" and "Big Bub." Presumably, [Appellant] would have made his trial attorney, appellate attorney, or his PCRA attorney aware of this mistaken identity. . . .

PCRA Court Opinion, 4/1/19, at 3-4 (footnote added).

We agree with the PCRA court that Appellant failed to demonstrate why Mr. Morefield's affidavit could not have been ascertained earlier through the exercise of due diligence. **Taylor**, 933 A.2d at 1041. A review of Appellant's amended PCRA petition indicates that although he "invokes the statutory exception under 42 Pa. C.S. § 9545(b)(1)(ii)," Appellant fails to provide any explanation or reason as to why Mr. Morefield's alleged eyewitness account of the murder of Mr. Horn could not have been ascertained earlier with the

exercise of due diligence.  ***See*** Appellant's Amended Petition, 8/16/18, at 3-5.[6]

In sum, the information upon which Appellant relies to qualify for the newly discovered fact exception does not meet the requirements prescribed in Section 9545(b)(1)(ii), and Appellant has failed to prove how the alleged newly discovered facts could not have been ascertained earlier.  Because Appellant's petition is untimely and not subject to a statutory exception to the PCRA's time bar, the PCRA court lacked jurisdiction.  We therefore affirm the order denying relief.

Order affirmed.

_____

[6] Likewise, Appellant's claim of mistaken identity contradicts the arguments Appellant presented on direct appeal.  In a post-sentence motion, Appellant argued the evidence was insufficient to establish that he had the specific intent to kill Mr. Horn.  Appellant stated:

> Lyons' and Corbitts' testimony indicated that [Appellant] had fired 5 or 6 times at close range while the victim was struck only once, in the side.  [Appellant's] erratic firing at close range is consistent with his being intoxicated and with his acting for a reason other than his wanting to kill . . . ."

Appellant's Post-Sentence Motion Memorandum, at 17.  Given Appellant's argument that he was the shooter but the shooting was an accident, Mr. Morehead's affidavit would not have been helpful to Appellant.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/7/20